The Supreme Court of South Carolina

 
 
 
 L.A. Barrier
 & Son, Inc., Petitioner,
 v.
 South Carolina
 Department of Transportation, Respondent.
 
 
 

ORDER

We
 grant the petition for rehearing, withdraw Opinion No. 2009-MO-055, and
 substitute the attached unpublished opinion.
IT IS
 SO ORDERED.

 
 
 
 s/ Jean H. Toal                                           
 C. J. 

s/ John H. Waller, Jr.                                  
J. 

s/ Costa M. Pleicones                                
J. 

s/ John W. Kittredge                                   
J. 

s/ James E. Moore                                     
A.J. 
 
 

Columbia, South
 Carolina
January 11, 2010

THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 L.A. Barrier
 & Son, Inc., Petitioner,
 v.
 South Carolina
 Department of Transportation, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal from Administrative Law Court
 Paige J. Gossett, Administrative Law
 Court Judge
Memorandum Opinion No. 2009-MO-055
Heard October 8, 2009  Re-filed January
 11, 2010   
AFFIRMED AS MODIFIED

 
 
 
 John
 J. Pringle, Jr. and Shaun C. Blake, both of Ellis Lawhorne & Sims, of Columbia,
 for Petitioner.
 Linda
 McDonald, of Columbia, for Respondent.
 
 
 

PER CURIAM:  We granted certiorari to review the
 Court of Appeals decision in L.A. Barrier & Son, Inc. v. SCDOT, Op.
 No. 2008-UP-418 (Ct. App. filed July 21, 2008) and now affirm as modified.  The
 Court of Appeals held that, pursuant to 49 C.F.R § 26.69(i)(2), Joel must
 renounce any interest in the joint checking account used to purchase Electas
 shares.  We agree with petitioner that no renunciation is required here, but
 affirm the Court of Appeals' decision which reversed the decision of the
 Administrative Law Court.  At the time DOT reviewed petitioner's certification
 request, Joel had not renounced his ownership interest in the 500 shares
 purchased using funds from the joint account.  Since the burden of
 demonstrating that the certification criteria has been met rests on the entity
 seeking certification, 49 C.F.R. § 26.61(b), and since Lisa did not own the
 requisite 51% of the shares at the time the certification determination was
 sought and made, DOT properly denied the request.
The decision on certiorari upholding DOT's denial of certification
 is
AFFIRMED AS MODIFIED.
TOAL, C.J., WALLER, PLEICONES, KITTREDGE, JJ., and Acting Justice
 James E. Moore, concur.